Hough, J.,
dissenting. I fully agree with the propositions set out in paragraphs 2 and 3 of the syllabus, but am not able to agree with the judgment.
*399 In this case the jury were called upon, after actionable negligence had been found to exist, to assess damages in a case where the value of the life of a boy six years of age was involved. So far as the amount of damages was concerned there was no dispute in the evidence, no conflict of any kind or character, but the trial of the case developed that this normal, healthy boy’s death was the result of the accident which furnished the cause of action. To arrive then at the damages the jury were not called upon to draw inferences, or to weigh one fact or one set of facts against another, or others, but their function,, so far as the amount of damages was concerned, was purely and solely to fix and assess an amount which, in their opinion, would compensate in a sum equal to the value of the life. And this was entirely a jury function. For a reviewing court, having undoubted authority under subdivision 4 of Section 11576, Gen - eral Code, to reverse on account of excessive damages, appearing to have been given under the influence of passion or prejudice, to affirmatively say that passion and prejudice did not exist and then find that the damages were excessive, in a case like the one before us, is no more or no less than the substitution of the court’s judgment for that of the jury, and my conviction and conclusion are that a reviewing court may not thus reverse under the guise and subterfuge of weighing the evidence. And this conclusion of course leads to a judgment of affirmance rather than one of reversal.